FILED

2026 May-28 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| **E.A.L.A.,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] |
| **v.** | ] **Case No.: 7:26-cv-687-ACA-HNJ** |
| | ] |
| **JORDAN POWELL, et al.,** | ] |
| | ] |
| **Respondents.** | ] |

**MEMORANDUM OPINION AND ORDER**

Petitioner E.A.L.A. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The court ordered respondents to appear and show cause why the court should not grant the petition. (Doc. 6). After the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, __ F.4th __, No. 25-14065, (11th Cir. May 6, 2026), the respondents now concede E.A.L.A. is entitled to a bond hearing. (Doc. 30 at 4). Accordingly, for the reasons below, the court **WILL GRANT IN PART** and **RESERVE RULING IN PART** on E.A.L.A.'s petition. (Doc. 1). The court **DENIES** E.A.L.A.'s emergency motion for immediate release. (Doc. 28).

## I.    BACKGROUND

E.A.L.A. is a native of Honduras. (Doc. 1 ¶ 31.) In 2023, Department of Homeland Security officials apprehended E.A.L.A., scheduled an immigration

hearing in 2027, and released E.A.L.A. to his sister's custody. (*Id.*; *see also* doc. 1-4; doc. 1-6). Since then, he has remained in the United States. (Doc. 1 ¶¶ 31–34; doc. 10 at 4).

E.A.L.A.'s petition argues that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and seeks immediate release. (Doc. 1 ¶¶ 103–10). The petition asserts three other causes of action. (*Id.* ¶¶ 96–118). At this time, the court considers only the statutory claim pursuant to § 1226 ("Count Three").

## II.    DISCUSSION

### 1. Jurisdiction

The court previously raised the issue of jurisdiction over this action. (Doc. 25); *see Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]"); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (noting federal courts have an obligation to determine subject matter jurisdiction). Because § 2241 addresses personal jurisdiction, the court concludes that respondents have waived any objection to the court's exercise of jurisdiction.

Under § 2241, district courts may grant relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has held this language requires "nothing more than that the court issuing the writ have jurisdiction over the [respondent]." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973).

When this action was filed, the court did not have jurisdiction over the properly named respondents because E.A.L.A.'s properly named custodian was not within the Northern District of Alabama. (*See generally* doc. 25). Although E.A.L.A. argues that naming the ultimate custodian cures this defect, the suit must be filed in a district with jurisdiction over the respondent. *See Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986). And filing in the petitioner's "last known location," incorrectly changes the inquiry from jurisdiction over the respondent to the petitioner's location. *See Braden*, 410 U.S. at 494–95 ("The writ of habeas corpus does not act upon the [detainee] who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

But the Supreme Court has also indicated that the term "jurisdiction" as used in § 2241 is not related to the court's subject matter jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004) ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court.").

Although the court has not found a published Eleventh Circuit opinion addressing the issue, several circuit courts have concluded that "jurisdiction" under § 2241 is personal jurisdiction. *See, e.g.*, *Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1096–97 (D.C. Cir. 2022) ("The immediate custodian rule implicates personal

jurisdiction, not subject matter jurisdiction; likewise, the requirement to file in the district of confinement concerns venue, not subject-matter jurisdiction."); *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026); *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009). The court finds their reasoning persuasive.

Personal jurisdiction is subject to waiver. *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) ("It is well-settled that lack of personal jurisdiction is a waivable defect."). Here, the respondents have never challenged this court's jurisdiction and thus have waived any objection. In their response to the court's order to show cause, the respondents did not directly challenge the court's jurisdiction. (Doc. 10 at 16 ("While Federal Respondents do not yet have sufficient information to indicate whether the Petition was filed while Petitioner was confined in this district, the Petition should nevertheless be denied on the merits.")). And they have never argued this court lacks jurisdiction. (*See* doc. 9; doc. 14; doc. 16). On top of this, the respondents failed to object to E.A.L.A.'s motion to transfer the action back to the Northern District of Alabama. (Doc. 22 at 2 ("[C]urrent counsel for Respondents, Ms. Elizabeth Grozinger does not oppose this motion.")). Thus, respondents have waived any objection to the court exercising jurisdiction over this action.

4

2. Merits

Because the court has jurisdiction over this action, the court turns to the merits: whether E.A.L.A. is entitled to a bond hearing under § 1226. Relying exclusively on the Eleventh Circuit's decision in *Hernandez Alvarez*, E.A.L.A. argues that the court should order his immediate release. (*See generally* doc. 28). E.A.L.A.'s petition seeks either immediate release or a bond hearing. (Doc. 1 at 52). The court considers the merits of E.A.L.A.'s claim before turning to the appropriate remedy.

As the respondents concede (doc. 30 at 3–4), under the Eleventh Circuit's decision in *Hernandez Alvarez*, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." __ F.4th __, No. 25-14065, at *13–14. And E.A.L.A. was detained "in the interior," so § 1226 governs. *Id.*; (doc. 1 ¶ 34; doc. 10 at 3–4). Because E.A.L.A. is detained under § 1226(a), he may seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

The court now turns to the appropriate remedy. E.A.L.A. seeks immediate release and an injunction preventing his detention absent due process. The court disagrees. Section 1226 ensures a bond hearing, not immediate release. *See* 8 U.S.C.

5

§ 1226(a). Nor does E.A.L.A. point to any portion of *Hernandez Alvarez* that mandates his immediate release.

E.A.L.A. also argues that the court should immediately release him because the government previously released him to the custody of his sister after being apprehended. (Doc. 28 at 7). But the only evidence before the court indicates that the government only did so because E.A.L.A. was a minor at the time of apprehension. (*See* doc. 1-6). And E.A.L.A. does not cite any authority for the proposition that the previous release due to E.A.L.A.'s minor status demands immediate release. (*See* doc. 23).

Accordingly, the court finds the appropriate remedy to be a bond hearing before an immigration judge. In reaching this conclusion, the court joins a "comfortable majority" of district courts concluding the same. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025). At the same time, recognizing that E.A.L.A. has been detained for three months without a bond hearing, the court **ORDERS** a bond hearing within seven days.

### III.   CONCLUSION

The court **WILL GRANT IN PART** E.A.L.A.'s petition and **WILL ENTER PARTIAL JUDGMENT** on the writ of habeas corpus based on an unlawful detention under § 1225, ("Count Three"). The court **ORDERS** Respondents to either (1) bring E.A.L.A. before an immigration judge for a bond hearing **on or before**

**June 4, 2026**, or (2) release him from custody. The court **RESERVES RULING** on the remaining claims in E.A.L.A.'s petition.

E.A.L.A.'s counsel must receive at least forty-eight hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The court also **DIRECTS** Respondents to file a notice **on or before June 5, 2026**, reporting on their compliance with the court's order.

Because the court concludes that a bond hearing is the appropriate remedy, the court **DENIES** E.A.L.A's emergency motion because it seeks only immediate release. (Doc. 28).

**DONE** and **ORDERED** this May 28, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE