FILED

2026 Jul-15  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

|  |  |
|---|---|
| **E.A.L.A.,** | ] |
|  | ] |
| **Petitioner,** | ] |
|  | ] |
| **v.** | ] **Case No.: 7:26-cv-687-ACA-HNJ** |
|  | ] |
| **JORDAN POWELL, et al.,** | ] |
|  | ] |
| **Respondents.** | ] |

## <u>MEMORANDUM OPINION AND ORDER</u>

In March 2026, Petitioner E.A.L.A. filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing. (Doc. 1). His petition asserts four causes of action: (1) violation of 8 U.S.C. § 1226 and the Fourth Amendment for a warrantless arrest ("Count One"), (2) violation of the class-wide judgment in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Count Two"), (3) violation of § 1226 for failing to provide him a bond hearing ("Count Three"), and (4) violation of his Fifth Amendment substantive and procedural due process rights ("Count Four").

The court previously granted E.A.L.A.'s petition with respect to Count Three. (Docs. 31, 32). Accordingly, this memorandum opinion addresses only the remaining three claims. The court **WILL DENY IN PART** and **DENY AS MOOT**

**IN PART** the petition. The court **DENIES AS MOOT** E.A.L.A.'s emergency motion to expedite. (Doc. 41).

## I.  BACKGROUND

E.A.L.A. is a native of Honduras. (Doc. 1-5; *see* doc. 1 ¶ 31). He entered the United States without inspection in 2022. (Doc. ¶ 31). In 2023, Department of Homeland Security officials apprehended E.A.L.A., scheduled an immigration hearing in 2027, and released E.A.L.A. to his sister's custody. (*Id.*; *see* doc. 1-5; doc. 1-6). Since then, he has remained in the United States. (Doc. 1 ¶¶ 31–34; *see* doc. 10 at 4). On March 5, 2026, local police conducted a traffic stop of E.A.L.A. and arrested him. (Doc. 1 ¶ 34). The same day, ICE officials obtained an administrative arrest warrant. (Doc. 39-1 at 2). On March 10, 2026, E.A.L.A. was transferred to ICE custody, where he remains. (Doc. 16; *see* doc. 34-1 ¶ 6).

In May 2026, the court granted in part E.A.L.A.'s petition and ordered the respondents to provide him an individualized bond hearing. (Docs. 31, 32). The bond hearing occurred on June 2, 2026. (*See* doc. 33-1).

## II.  DISCUSSION

### 1.  Proper Respondent

E.A.L.A. filed his § 2241 petition against Jordan Powell, the Pickens County Sheriff, and several federal respondents. (Doc. 1 at 1). Before considering the merits of E.A.L.A.'s petition, the court must dismiss all claims against Sheriff Powell.

A district court may grant relief against a properly named respondent in a § 2241 petition. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 495 (1973). And the proper respondent in a § 2241 action is the custodian with control over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). It is undisputed that E.A.L.A. is not in Sheriff Powell's custody. (Doc. 14 at 1; doc. 34-1 ¶ 6). The court **DISMISSES** all claims against him.

The court also **DIRECTS** the Clerk to substitute Acting Attorney General Todd Blanche for Pamela Bondi and Department of Homeland Security Secretary Markwayne Mullin for Kristi Noem. (*See* doc. 30 at 1 n.1); Fed. R. Civ. P. 25(d).

2. <u>Count One</u>

Count One alleges only that the respondents violated 8 U.S.C. § 1226(a) and the Fourth Amendment by failing to obtain a warrant when arresting E.A.L.A. (Doc. 1 ¶¶ 96–99). "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General may issue the warrant "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 1236.1(b)(1). The record refutes this claim because the respondents obtained a warrant when arresting E.A.L.A. (Doc. 39-1).

Faced with the respondents' production of an arrest warrant, E.A.L.A. changes tack in his reply brief, contending for the first time that the warrant is procedurally flawed and violates § 1226 and the Fourth Amendment. (Doc. 40 at 11). This change in position falls outside of the scope of E.A.L.A.'s petition, and E.A.L.A. cannot amend his petition through briefing. *See Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017).

Even if the challenge to the validity of the warrant was properly raised in the § 2241 petition, habeas petitions determine whether an individual is lawfully in custody and are not an avenue to challenge an initial seizure. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (explaining that habeas petitions are designed to determine "whether the prisoner can lawfully be detained in custody," not challenge "[i]rregularities on the part of the government official prior to, or in connection with, the arrest"); *D'Agostino v. Sahli*, 230 F.2d 668, 671 (5th Cir. 1956).[1] The court therefore **WILL DENY** the petition with respect to Count One.

### 3. Count Two

Count Two alleges that E.A.L.A. is entitled to immediate release because the district court in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) vacated the Department of Homeland Security's policy of interpreting 8 U.S.C. § 1225(b) to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

require mandatory detention without bond of aliens who entered the United States without inspection. (Doc. 1 ¶¶ 100–02). *Bautista* held that members of the bond eligible class—of which E.A.L.A. meets the definition—are detained under § 1226 and are entitled to a bond hearing. 813 F. Supp. 3d at 1123, 1127.

The Ninth Circuit has stayed the *Bautista* judgment to the extent it extends "beyond the Central District of California." *See Maldonado Bautista v. Dep't of Homeland Sec.*, No. 26-1044, Doc. 17.1 at 4 (9th Cir. Mar. 31, 2026). So the judgment is not in effect as to E.A.L.A. *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("Unless a court issues a stay, a trial court's judgment . . . normally takes effect despite a pending appeal."). But even assuming *Bautista* binds this court, the court has already granted all the relief due under that decision: an individualized bond hearing. (*See* docs. 31, 32). So the court **WILL DENY AS MOOT** Count Two.

E.A.L.A. also argues that Count Two asserts claims under the Administrative Procedure Act ("APA") and *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). (Doc. 40 at 14). But Count Two limits its scope to a claim based on an unlawful detention in violation of a binding final judgment. (*See* doc. 1 at 41). Count Two cannot fairly be read to assert a claim under the APA or *Accardi*. *See* Fed. R. Civ. P. 8(e). Although Count Two incorporates all proceeding paragraphs, those paragraphs make no claim under the APA or *Accardi*. (*See* doc. 1 ¶¶ 88–95, 100–102). Instead, the succeeding paragraphs in Count Three—which this court has

already granted in favor of E.A.L.A.—makes the argument that the Department of Homeland Security's policy violates the APA and *Accardi*. (*Id.* ¶¶ 103–10).

> 4. Count Four

Count Four alleges that E.A.L.A.'s detention violates his substantive and procedural due process rights by detaining him without bond. (Doc. 1 ¶¶ 111–18). The court addresses each in turn.

> *a. Substantive Due Process*

E.A.L.A. argues that his detention violates his substantive due process rights because it is "arbitrary" and "serves no legitimate, non-punitive purpose." (*Id.* ¶ 113). The respondents dispute whether E.A.L.A.'s challenge implicates a fundamental right. (*Compare* doc. 39 at 5–6, *with* doc. 1 ¶ 112). But this argument skips the first step of the analysis: determining whether the challenged conduct is executive or legislative. *Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232, 1239 (11th Cir. 2025). E.A.L.A. concedes he is challenging executive action. (Doc. 40 at 19; *see* doc. 1 ¶¶ 31–37, 113); *see also Littlejohn*, 132 F.4th at 1242–43 & n.8. And "[e]xecutive action violates a plaintiff's substantive due-process rights—even if the right involved is a fundamental one—if the action shocks the conscience." *Littlejohn*, 132 F.4th at 1239 (quotation marks omitted). So "only the most egregious official conduct" violates substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

E.A.L.A. argues that the respondents arbitrarily re-detained him after previously releasing him into his sister's custody when he was an unaccompanied minor. (*See* doc. 1 ¶¶ 31, 113). E.A.L.A. contends he has a "legitimate expectation that his conditional liberty would not be revoked arbitrarily." (Doc. 40 at 8). But § 1226—which E.A.L.A. contends applies to him (doc. 1 ¶ 6)—permits the Executive Branch to detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). And "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a six-month period of detention of an alien who had been ordered removed was presumptively constitutional).

E.A.L.A. has been detained since March 5, 2026. (Doc. 1 ¶ 34). He received an individualized bond hearing on June 2, 2026. (Doc. 33-1). The court cannot conclude that the re-detention of an alien for roughly ninety days with no bond hearing "shocks the conscience." So the court **WILL DENY** the petition with respect to E.A.L.A.'s substantive due process claim.

b. *Procedural Due Process*

Count Three also alleges that E.A.L.A.'s detention without a bond hearing violates his procedural due process rights. (Doc. 1 ¶¶ 111–12, 114–17). E.A.L.A. argues that immediate release is the "only" constitutional remedy. (*Id.* at 47). The

respondents argue that procedural due process entitles him only to a bond hearing. (Doc. 39 at 8). The court agrees with the respondents.

"An essential principle of due process" is notice and an opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Applying due process principles, circuit courts—including one that E.A.L.A. argues this court should adopt as persuasive authority (*see* doc. 41 at 2–3)—have concluded that the Due Process Clause entitled similarly situated aliens to individualized bond hearings. *See, e.g.*, *Lopez-Campos v. Raycraft*, 175 F.4th 713, 733–34 (6th Cir. 2026) (affirming a district court's order granting an individualized bond hearing for a violation of due process); *Rodriguez v. Ortega*, No. 26-50183, -- F.4th --, 2026 WL 1906557, at *17 (5th Cir. July 2, 2026) (holding that the government must give aliens detained without under § 1225 a bond hearing after ninety days), *vacated by reh'g en banc grant*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). The "comfortable majority" of district courts have reached the same conclusion. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases). The court finds this analysis persuasive and concludes that an individualized bond hearing is the appropriate remedy.

E.A.L.A. argues the only "cure" for his detention in violation of procedural due process is immediate release. (Doc. 40 at 16–17). E.A.L.A. does not cite any persuasive authority holding that release is appropriate based on the initial denial of

a bond hearing. So the court **WILL DENY** E.A.L.A.'s procedural due process claim to the extent it seeks immediate release. The court **WILL DENY AS MOOT** the claim as it relates to a bond hearing because the court has ordered—and E.A.L.A. has received—one. (Docs. 31, 33-1). *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 46 (1st Cir. 2021) (allowing a new bond hearing after a due process violation); *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (same).

### III. CONCLUSION

The court **WILL DENY IN PART** and **DENY AS MOOT IN PART** E.A.L.A.'s § 2241 petition. The court **DENIES AS MOOT** E.A.L.A.'s emergency motion to expedite. (Doc. 41). The court also **DISMISSES** all claims against Sheriff Powell. And the court **DIRECTS** the Clerk to substitute Acting Attorney General Todd Blanche for Pamela Bondi and Department of Homeland Security Secretary Markwayne Mullin for Kristi Noem.

**DONE** and **ORDERED** this July 15, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE